NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RUSSELL TINSLEY, <br><br> Petitioner, <br><br> v. <br><br> STATE OF NEW JERSEY, <br><br> Respondent. | Civil Action No. 13-4995 (DMC) <br><br><br> OPINION |

**APPEARANCES**:

RUSSELL TINSLEY, #563
Special Treatment Unit
P.O. Box 905
Avenel, New Jersey 07001
Petitioner *Pro Se*

**CAVANAUGH, District Judge**:

Russell Tinsley, a civilly committed sexually violent predator, filed a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, challenging a New Jersey conviction and four-year sentence imposed in March 2008. Because Mr. Tinsley was not "in custody" on the challenged conviction at the time he filed his habeas petition, this Court will summarily dismiss the Petition for lack of jurisdiction, and deny a certificate of appealability.

## I. BACKGROUND

In 1997, Mr. Tinsely was indicted in the Superior Court of New Jersey, Atlantic County, for third-degree theft, third-degree receiving stolen property, and second-degree eluding. *See State v. Tinsley*, 2013 WL 216291 (N.J. Super. Ct., App. Div., Jan. 22, 2013). Pursuant to a plea agreement, on June 9, 1998, he entered a guilty plea to third-degree theft and second-degree eluding, but he did not appear for sentencing scheduled for August 21, 1998. *Id.* In 2005, he was convicted of aggravated sexual assault in Philadelphia and he was sentenced to a 23-month term of imprisonment, followed by an

eight-year probationary term. *Id.* In 2008, he was extradited to New Jersey for proceedings on the 1997 indictment. *Id.* After he was extradited, New Jersey offered, and Tinsley accepted, a new plea agreement whereby Tinsley pled guilty to third-degree eluding in exchange for a recommended four-year term. *Id.* The Superior Court sentenced him in 2008 to four years in accordance with the plea agreement, even though the presentence report revealed that Tinsley had been convicted of sex offenses in California in 1984 and in Pennsylvania in 2005. *Id.* Tinsley appealed, and on April 24, 2009, the Appellate Division affirmed the judgment of conviction, with the exception that the judgment was amended to reflect an additional 167 days in jail credits. *Id.*

Prior to Tinsley's scheduled release from prison upon the expiration of his sentence in May 2010, New Jersey filed a petition for Tinsley's civil commitment as a sexually violent predator, N.J. Stat. Ann. § 30:4-27.24. *Id.; Tinsley v. Johnson*, Civ. No. 3365 (FSH) sl. opinion (D.N.J. Nov. 22, 2011).[1] On May 10, 2010, the Superior Court granted the petition and Tinsley was transferred from prison to the Special Treatment Unit for sexually violent predators, where he remains. *Id.*; (Petition, ECF No. 1.)

On August 31, 2010, Tinsley filed a post-conviction relief petition in the New Jersey Superior Court challenging the 1998 and 2008 New Jersey guilty pleas. *See State v. Tinsley*, 2013 WL 216291 (N.J. Super. Ct., App. Div., Jan. 22, 2013). The Law Division denied the PCR petition, and Tinsley appealed to the Appellate Division, arguing that he was denied the effective assistance of counsel during the 1998 and 2008 plea negotiations because counsel did not advise Tinsley of the potential for civil commitment as a sexually violent predator or challenge his belated prosecution. *Id.* The Appellate Division affirmed on the ground that there was no prejudice because "it was defendant's commitment of sexually violent offenses in California in 1985 and in Pennsylvania in 2005 that led to his commitment,

---

[1] *See also* Petition, ECF No. 1 at p. 1 ("Please be advised that Petitioner was released from S[outh] W[oods] S[tate] P[rison] on May 12, 2010 at the expiration of sentence, of a 3rd degree [eluding] charge. The records of the lower courts reflect[] that upon release he was civilly committed to the Special Treatment Unit.")

2

not this indictment or his ultimate eluding conviction . . . . [D]efendant's application for dismissal of the indictment would not have avoided SVPA commitment." *State v. Tinsley*, 2013 WL 216291 at *4. On July 19, 2013, the New Jersey Supreme Court denied certification. *See State v. Tinsley*, 214 N.J. 235 (2013) (table).

Mr. Tinsley, who is civilly committed as a sexually violent predator and confined at the Special Treatment Unit, signed the Petition presently before this Court on August 13, 2013. Using an AO § 2241 form, he challenges the 2008 New Jersey conviction and four-year sentence, which were the subject of his post-conviction relief petition. (Petition, ECF No. 1 at p. 2.) He raises the following grounds:

> Ground One: TRIAL COUNSEL WAS INEFFECTIVE AND HAD A DUTY TO ADVISE PETITIONER AS TO CIVIL COMMITMENT, AND HE WAS PREJUDICED BECAUSE NO ADVICE FROM COUNSEL, NEITHER TRIAL COURT EXPLAINED THAT THE PETITIONER WOULD BE EXPOSED TO A CIVIL COMMITMENT AND THAT IS, APPARENTLY, WHAT HAPPENED TO THE PETITIONER. COUNSEL'S ADVICE WOULD HAVE MADE AN DIFFERENCE. MOREOVER, THE FULL INTRUSION; OR ANY EXPLANATION ABOUT MEGAN'S LAW WAS NOT EXPLAINED TO THE PETITIONER. BUT, HE WAS BEING SUBJECTED TO THE NJSVPA GIVEN THAT THE COURT NOTED THAT, IN 2008, PETITIONER'S UNDERLYING SEXUAL OFFENSES WERE IN PHILADELPHIA, PENNSYLVANIA. IT IS AN UNUSUAL CASE IN THAT THE STATE OF NEW JERSEY SOUGHT HIS CIVIL COMMITMENT UNDER THE SVPA, ALTHOUTH HIS SEX OFFENSES WAS ALREADY ON PROBATION, AND TOOK PLACE IN PHILADELPHIA, PENNSYLVANIA, AND THE TIME HE SERVED IN NEW JERSEY WAS FOR A THEFT CHARGE. THIS CASE ALSO INVOLVE AN JURISDICTIONAL CHALLENGE, AND SINCE THE COURT WAS FAMILIAR WITH PETITIONER'S OUT OF THE STATE CASE, IT ERRED.
>
> Ground Two: PURSUANT TO STATE V. BELLAMY, 178 N.J. 127, 138-139 (2003), THE LOWER COURTS ARE ERRONEOUS, BECAUSE PETITIONER MUST BE[] INFORMED OF THE CONSEQUENCES OF CIVIL COMMITMENT WHEN ENTERING A PLEA TO A SVPA PREDICATE. NEITHER THE TRIAL COUNSEL OR COURT DID NOT ENSURE PETITIONER UNDERSTOOD THE CONSEQUENCES OF HIS PLEA.
>
> Ground Three: THE DENIAL OF PETITIONER'S POST-CONVICTION RELIEF (PCR) PETITION, CHALLENGES TO HIS STATE'S TRIAL COUNSEL AND HIS APPELLATE COUNSEL IN HIS DIRECT APPEAL OF THE 2008 JUDGMENT OF CONVICTION, WERE INEFFECTIVE, INCLUDES AN DENIAL OF DUE PROCESS CLAIMS ARISING FROM THE TRIAL JUDGE'S BIAS TOWARDS MR. TINSLEY.
>
> Ground Four: NOT ONLY DOES THIS CASE INVOLVE VIOLATION OF THE PETITIONER'S SIXTH AMENDMENT RIGHT TO ASSISTANCE OF COUNSEL, AS

THEY FAILED TO INVESTIGATE AND ADVISE HIM OF THE CONSEQUENCE OF HIS PLEAS, BUT THEY EVEN VIOLATED THE U.S. SUPREME COURT IN BOYKIN, AND THE RECORD SHOW HIS FEDERAL CONSTITUTIONAL RIGHTS VIOLATED.

(Petition, Grounds, ECF No. 1 at 7-8.)

For relief, he asks this Court to order his release or to reverse the four-year sentence. "[In] that the additional consequences of the guilty plea were never explained to the Petitioner, it cannot be said that this plea was entered in a knowing, intelligent and voluntary fashion and, hence, the Petitioner has demonstrated that he has suffered a manifest injustice and that the [New Jersey] Supreme Court should have fashioned relief by permitting the Petitioner to withdraw his plea, or by remanding this matter to the Trial Court instructing that Court to hold an evidentiary hearing on whether Petitioner should not be permitted to withdraw his plea." (Petition, ECF No. 1 at 8.)

## II. DISCUSSION

A. Jurisdiction

Section 2241 of Title 28 of the United States Code confers jurisdiction on district courts to issue writs of habeas corpus in response to a petition from a person who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3). Section 2254 confers jurisdiction on district courts to issue "writs of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Lack of subject matter jurisdiction may be raised by the Court *sua sponte* at any time. *See Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986); *Louisville & Nashville Railroad Co. v. Mottley*, 211 U.S. 149, 152 (1908); *Van Holt v. Liberty Mutual Fire Ins. Co.*, 163 F.3d 161, 166 (3d Cir. 1998).

To invoke habeas corpus review by a federal court under either of the above statutes, the petitioner must satisfy two jurisdictional requirements: the status requirement that the person be "in custody," and the substance requirement that the petition challenge the legality of that custody on the

ground that it is in violation of the Constitution or laws or treaties of the United States. *See Maleng v. Cook*, 490 U.S. 488, 490 (1989); *Keitel v. Mazurkiewicz*, ___ F.3d ___, 2013 WL 4675638 (3d Cir. Aug. 30, 2013).

The Supreme Court has "interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng*, 490 U.S. at 490-91; *see also Spencer v. Kemna*, 523 U.S. 1, 7 (1998). The threshold question in this case is whether Mr. Tinsley satisfies the "in custody" requirement with respect to the 2008 guilty plea which resulted in a four-year term of imprisonment that expired on May 12, 2010. The answer to this question is no. Mr. Tinsley's four-year sentence expired on May 12, 2010, more than three years before he executed his habeas petition. Because Mr. Tinsley was not "in custody" as a result of the 2008 guilty plea at the time he filed his habeas petition, this Court lacks jurisdiction over his challenge to the guilty plea. *See Maleng*, 490 U.S. at 490-92; *Obado v. New Jersey*, 328 F.3d 716, 718 (3d Cir. 2003).

Mr. Tinsley may believe that he satisfies the "in custody" requirement because significant collateral consequences flow from the guilty plea. While collateral consequences may avoid mootness of a petition where the petitioner was released from the challenged conviction after the petition was filed, collateral consequences of the conviction are not sufficient to satisfy the custody requirement where the sentence expired before the filing of the petition. *See Spencer*, 523 U.S. at 7-8; *Maleng*, 490 U.S. at 492; *Obado*, 328 F.3d at 718 n.2. "While the 'in custody' requirement is liberally construed for purposes of habeas corpus, for a federal court to have jurisdiction, a petitioner must be in custody under the conviction he is attacking at the time the habeas petition is filed." *Obado*, 328 F.3d at 717 (citing *Maleng*, 490 U.S. at 490-92); *see also Leyva v. Williams*, 504 F.3d 357, 363 ("In making a custody determination, [federal courts look] to the date that the habeas petition was filed.") (quoting *Barry v. Bergen County Probation Dept.*, 128 F.3d 152, 159 (3d Cir. 1997)). At the time he filed this habeas petition, Mr. Tinsley had long completed his four-year prison sentence. Because Mr. Tinsley was not

"in custody" as a result of the 2008 guilty plea at the time he filed the Petition, this Court lacks jurisdiction over his challenge to the plea. *See Maleng*, 490 U.S. at 490-92; *Obado*, 328 F.3d at 718. This Court will dismiss the Petition for lack of jurisdiction.[2]

B. Certificate of Appealability

To the extent the Petition seeks relief pursuant to 28 U.S.C. § 2254, his Court denies a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2). *See Miller-El v. Cockrell*, 537 U.S. 322 (2003).

### III. CONCLUSION

For the reasons set forth above, the Court dismisses the Petition for a Writ of Habeas Corpus for lack of jurisdiction and denies a certificate of appealability.

_____
DENNIS M. CAVANAUGH, U.S.D.J.

DATED: April 16, 2013

---

[2] Moreover, *coram nobis* is not available in a federal court as a means of attack on a state criminal judgment. *See Obado*, 328 F.3d at 718.